### EX PARTE ANDINO.

Apelación procedente de la Corte de Distrito de

San Juan.

No. 21.  Resuelto en Mayo 22, 1905.

INTERPRETACIÓN DE LEYES IN PARI MATERIA.—Es un principio general de interpretación, que las leyes *in pari materia* deben ser interpretadas conjuntamente procurando armonizarlas en cuanto fuere posible.

HABEAS CORPUS.—PRISIÓN EN DEFECTO DE PAGO DE MULTA Y COSTAS.—La facultad de las Cortes Municipales para imponer prisión subsidiaria en defecto de pago de multa y costas, está regulada por las disposiciones del art 54 del Código de Enjuiciamiento Criminal y por las del 322 del mismo Código, que solo tiene aplicación con respecto á las sentencias dictadas por las Cortes de Distrito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Martínez Quintero.*

Abogado del apelado: *Sr. Rossy,* Fiscal.

El Juez Asociado Sr. MacLeary emitió la siguiente opinión del Tribunal.

La apelante en esta causa, por conducto de su abogado, J. E. Martínez Quintero, solicitó en 29 de Marzo último, un auto de Habeas Corpus, del Tribunal de Distrito de San Juan, alegando que se hallaba ilegalmente restringida de su libertad, en la Cárcel Municipal de Vega Baja, en virtud de un auto de prisión expedido por el Juzgado Municipal de dicha Ciudad; y que en dicho auto de prisión, se la declaraba convicta del delito de daños maliciosos, condenándola al pago de una multa de diez dollars y las costas del procedimiento (montantes tres dollars) y en defecto de pago, á veinte y seis días de prisión. Dicha apelante alega que su encarcelamiento es ilegal, porque obedece á una sentencia que está en contravención con las disposiciones del Artículo 322 del Código de Enjuiciamiento Criminal. En otras palabras, la apelante sostiene que su prisión debía ser solamente por trece días, ó sea á razón de un día por cada dollar de multa y costas, en tanto que el auto de prisión la obliga á cumplir su condena, á razón de un día por cada cincuenta centavos de multa y costas, por lo que la prisión resulta dos veces más larga.

Evidentemente, el Juez Municipal basó su sentencia en el Artículo 54 del Código de Enjuiciamiento Criminal, que dice lo siguiente:

"Cuando se dicte sentencia contra el acusado, imponiéndosele multa y el pago de las costas del juicio, si dejare de hacerlas efectivas inmediatamente, el Juez ordenará que se le detenga en prisión á razón de un día por cada cincuenta centavos de multa y costas que dejare de pagar, siempre que la totalidad de dicha prisión no excediere de noventa días."

Esta es Ley que rigió las sentencias en el Juzgado de Paz, tal como dicho Juzgado existía con anterioridad á la adopción de la "LEY PARA REORGANIZAR

EL SISTEMA JUDICIAL DE PUERTO RICO etc"
cuya ley fué aprobada el 10 de Marzo de 1904, y empezó
á regir el 1o. de Julio último.  La apelante afirma que
la prisión debe regularse por las disposiciones del Ar-
tículo 322 del Código de Enjuiciamiento Criminal, que
dice lo que sigue:

"Un fallo, en que el acusado sea condenado á pagar una multa,
puede también disponer que se le reduzca á prisión hasta que la
multa sea satisfecha.  Pero la sentencia habrá de determinar la
duración de la prisión, que no debe exceder de un día por cada
dollar de multa, ni pasar más allá del término á que fuere senten-
ciado á prisión el acusado, por el delito de que ha sido convicto."

Este artículo de la Ley, por el que se fija la prisión
á razón de un día por cada dollar de multa y costas, es
la Ley vigente para regular la prisión impuesta por
sentencias del Tribunal de Distrito, y la cuestión que hay
que decir es simplemente ésta: ¿Tiene el Juzgado Muni-
cipal, al fijar la prisión por falta de pago de multa y
costas, que ajustarse á las disposiciones del Artículo 54,
tales como han sido establecidas para el Juzgado de Paz,
ó á las del Artículo 322, tales como han sido establecidas
para la Corte de Distrito?  El Abogado de la apelante
sostiene que este último artículo es aplicable, y en apo-
yo de esta opinión, hace referencia á los artículos 3 y
4 de la 'LEY PARA REORGANIZAR EL SISTEMA
JUDICIAL DE PUERTO RICO, ETC.'', que fué apro-
bada el 10 de Marzo de 1904.  Véanse las leyes de 1904,
páginas 94 y 95.

En la citada Ley de la Asamblea Legislativa, se con-
signa que "se crea por la presente el cargo de Juez Mu-
nicipal, quien desempeñará los deberes y funciones que
más adelante se determinan en esta Ley; y todos los
procedimientos ante dichas Cortes Municipales deberán
ser tramitados conforme á las reglas y procedimientos
en práctica en las Cortes de Distrito." (Sección 3) Y di-

cha Ley continúa: "A excepción de lo que se determina
más adelante en la presente Ley, el Juez Municipal creado
por la presente, ejercerá todas las funciones que actual-
mente corresponden á los Jueces de Paz y Jueces Muni-
cipales. (Sección 4.)

También se hizo referencia, durante el informe oral,
á una "Ley para prescribir el procedimiento en las
vistas de causas criminales en las Cortes Municipales",
cuya Ley fué aprobada en 28 de Mayo de 1094. (Véanse
las leyes de la Sesión Especial de 1904, página 12.) Di-
cha Ley dice lo siguiente:

Artículo 1.—Que el procedimiento para la institución y los jui-
cios en causas criminales ante las Cortes Municipales, será el mis-
mo que el dispuesto por la Ley, para causas criminales en los Juz-
gados de Paz.

Artículo 2.—Toda Ley ó parte de Ley, que se oponga á la pre-
sente, queda derogada."

Todas estas Leyes deben considerarse juntas, y debe
procurarse ponerlas en harmonía hasta donde sea posi-
ble. Esta es una regla general de interpretación bien
conocida por todos los Tribunales y sí, á primera vista, pu-
diera suponerse que las Secciones 3 y 4 de la Ley "Pa-
ra reorganizar el Sistema Judicial de Puerto Rico, etc.",
á que antes se ha hecho referencia en la presente, exi-
gen á las Cortes Municipales proceder con arreglo al
Artículo 322 del Código de Enjuiciamiento Criminal, en
vez de con arreglo al artículo 54 de dicho Código, esta
opinión sería inmediatamente rectificada por un exámen
de la Ley de 28 de Mayo de 1904, que claramente dispone
"que el procedimiento para la institución y juicios en
causas criminales ante las Cortes Municipales, será el
mismo que el dispuesto por la Ley, para causas crimina-
les en los juzgados de Paz." Pero aun cuando no se
hubiera establecido esta última Ley, no podríamos lle-
gar á la conclusión de que era la intención de los artícu-

los 3 y 4 de la "Ley Para Reorganizar El Sistema Judicial de Puerto Rico, etc.", derogar el artículo 54 del Código de Enjuiciamiento Criminal, ó sea exigir á las Cortes Municipales proceder con arreglo al artículo 322 de dicho Código, porque el objeto de la Ley para la reorganización del Sistema Judicial, no era fijar penas ó períodos de prisión, ó regular el modo de cumplir condenas de multa, en cárcel, sino dicha Ley tenía un objeto completamente distinto. Considerando, en conjunto, todas las disposiciones transcritas y citadas en la presente, es claramente la intención de la Ley, que las personas multadas en las Cortes Municipales de esta Isla, que no paguen las multas con arreglo á la sentencia deben cumplir la condena en la Cárcel, á razón de un día por cada cincuenta centavos de multa y costas.

Puesto que en el presente caso la apelante ha sido convicta del delito de daños maliciosos, y multada en diez dollars y las costas, ascendentes á tres dollars, debe obligársela á sufrir veinte y seis días de prisión en la Cárcel Municipal de Vega-Baja.

De consiguiente se la devuelve á la custodia del Alcaide de dicha Cárcel, para cumplir su condena; y se confirma por la presente la sentencia dictada por el Tribunal de distrito el día 3 de Abril de 1905, con las costas de esta apelación á la apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y Wolf.